**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

PHILIP NERI,                                    :
                                                :
                Plaintiff,          :           Civ. No. 14-6805 (RBK) (JS)
                                                :
         v.                  :
                                                :
PENNSAUKEN LIBRARY, et al.,                     :           **OPINION**
                                                :
              Defendants.         :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff, Philip Neri, is formerly a state prisoner proceeding *pro se* with a civil rights

complaint filed pursuant to 42 U.S.C. § 1983. Previously, this matter was administratively

terminated as Mr. Neri had not paid the filing fee nor had he submitted a complete application to

proceed *in forma pauperis*. Subsequently, Mr. Neri filed a new *in forma pauperis* application

such that the Clerk will be ordered to reopen this case. Mr. Neri's application to proceed *in*

*forma pauperis* will be granted and the Clerk will be ordered to file the complaint.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)

to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted or because it seeks monetary relief from a defendant who is

immune from suit. For the following reasons, the complaint will be dismissed with prejudice as

to one defendant and without prejudice as to the remaining defendants.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening

opinion. The complaint names five defendants:  (1) Pennsauken Library; (2) Pennsauken

Township; (3) Anthony Dimimeo - Librarian; (4) Ms. Diaz - Librarian; and (5) Mayor Jack Killian.

Mr. Neri visited the Pennsauken Library in August, 2014. Mr. Neri was apparently on parole at that time. Mr. Neri claims that he never saw a written policy or tutorial at the library on what was allowed or prohibited by the library with respect to using its computers. He states that he was using a computer at the library for legal research for a future civil rights lawsuit, "when at the end of an interesting article about what is legal porn and what is not, he clicked on a link for more information. It was a 'bad link' and the screen was bombarded with 'legal' adult porn 'pop-ups.'" (Dkt. No. 1 at p.2)

According to Mr. Neri, Dimineo then approached him about a complaint. Mr. Neri "acknowledged the issue and after deleting several rounds of bothersome adult porn offer pop-ups, he fixed the issue." (*Id.* at p.3) Nevertheless, Mr. Neri states that the Pennsauken Township police were called by the librarian. It appears as if Mr. Neri was arrested for a parole violation as a result of this incident as he states that he "sits in prison, not for any illegal computer activity, but a non illegal parole violation." (*Id.*)

Mr. Neri states that his due process rights were violated because he "never saw any written policy or tutorial on what was allowed or prohibited by the Township library." (*Id.* at p.1) Furthermore, Mr. Neri states that his First Amendment rights were violated because at face value, the adult pop-up sites are protected under the First Amendment. He seeks declaratory, injunctive and monetary relief.

### III.    LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The relevant statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to

show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.   DISCUSSION

### A. Pennsauken Library

Mr. Neri cannot pursue any Section 1983 claims against the Pennsauken Library because it is not a "person" subject to Section 1983 liability. *See, e.g.*, *Ketner v. Putnamville Corr. Facility*, No. 16-0101, 2016 WL 1406282, at *2 (S.D. Ind. Apr. 11, 2016) (law library division is not a person subject to suit under Section 1983). Therefore, Mr. Neri fails to state a claim against this defendant and it will be dismissed with prejudice.

### B. Mayor Jack Killian & Ms. Diaz

Mr. Neri also fails to state a claim against Mayor Jack Killian and Ms. Diaz. "In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated

solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

Mr. Neri's complaint is devoid of any allegations that Mayor Jack Killian and/or Ms. Diaz were personally involved in the purported deprivation of his rights. With respect to Mayor Killian, Mr. Neri states in his complaint that "he is responsible for making sure the free library protects the rights of the patrons and is negligent for not requiring the library to post rules and guidelines for internet usage." (Dkt. No. 1 at p. 8) This allegation, however, does not allege personal involvement of the Mayor, but instead, seems premised on *respondeat superior* liability. As described above, that is insufficient to state a Section 1983 claim.

Mr. Neri has even less allegations against Ms. Diaz. Indeed, besides naming her in the complaint's caption and naming her as a librarian, the complaint lacks any allegations of her personal involvement regarding the purported deprivation of Mr. Neri's constitutional rights. Therefore, Mr. Neri's claims against Mayor Killian and Ms. Diaz will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. <u>Pennsauken Township & Anthony Dimimeo</u>[1]

This Court construes Mr. Neri's claimed injury in this case to him being found in violation of his parole for his computer usage at the library. "It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In *Heck v. Humphrey*, 512 U.S. 477

---

[1] While the claims against defendants Pennsauken Library, Mayor Killian and Ms. Diaz have been dismissed, the analysis and dismissal of Mr. Neri's due process and First Amendment claims against the Pennsauken Township and Anthony Dimimeo in this section as described *infra*, applies equally to those three defendants as well.

(1994), the Supreme Court analyzed whether a prisoner could challenge the constitutionality of his conviction in a suit for damages under § 1983. The Supreme Court rejected using § 1983 as a vehicle to challenge the lawfulness of the criminal judgment, stating as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. In *Williams*, 453 F.3d at 177, the Third Circuit determined that a plaintiff's § 1983 claims were barred by *Heck* because success on his claims "would necessarily demonstrate the invalidity of the Parole Board's decision" to revoke plaintiff's parole. Thus, in *Williams*, the Third Circuit held that the *Heck* bar applied as plaintiff had not shown that the Parole Board's decision had been rendered invalid. *See id*.; *see also Connolly v. Arroyo*, 293 F. App'x 175, 177-78 (3d Cir. 2008) ("The duration of Connolly's confinement after he was arrested on the parole violator warrant has never been reversed on appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and he, therefore, has not satisfied *Heck*'s favorable termination rule.") (footnote and citation omitted).

In this case, Mr. Neri does not allege in his complaint that the parole board's decision to revoke his parole and place him back in prison has ever been rendered invalid. Accordingly, his

claims for monetary damages arising from the incident at the library which led to his arrest and parole revocation are barred by *Heck*.[2]  *Accord Connolly*, 293 F. App'x at 177-78; *Williams*, 453 F.3d at 177.

Mr. Neri also seeks injunctive and declaratory relief in his complaint. More specifically, he requests a public apology from the Mayor and the librarian, that the internet usage policy be posted, privacy blocks between each computer, a time-dated computer program, and that he be allowed to use the library computers again. Even assuming *arguendo* that such requests for relief were proper, Mr. Neri fails to show that he is entitled to any relief on his due process and First Amendment claims as well for the following reasons.

In *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Supreme Court noted an exception to the *Heck* bar and held that claims challenging the validity of general parole procedures are cognizable under § 1983, so long as the prisoner does not seek injunctive relief ordering his immediate or speedier release into the community, but rather seeks merely a new eligibility review or parole hearing. However, the Supreme Court also reiterated the following in *Wilkinson*:

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 544 U.S. at 81–82.

---

[2] Based on Mr. Neri's notice of change of address, it appears as if he is no longer incarcerated. Nevertheless, the Third Circuit also applies *Heck's* favorable termination requirement where the prisoner has finished serving his sentence and thus it is no longer possible to meet the "favorable termination" requirement of *Heck* via habeas corpus. *See Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. 2014); *Williams*, 453 F.3d 173, 177-78 (declining to hold that Heck's favorable termination rule does not apply to defendants who are no longer in custody absent clear direction from the Supreme Court); *see also Bronowicz v. Allegheny Cnty.*, 804 F.3d 338, 345 n.12 (3d Cir. 2015).

This Court does not construe the allegations of Mr. Neri's complaint as fitting within *Wilkinson* as he does not challenge the parole procedures by seeking a new parole hearing. Indeed, he states that viewing adult pop-up sites is protected by the First Amendment, that his due process rights were violated, and, as a result, he is in prison for a non-illegal parole violation. Thus, his claims necessarily challenge the parole revocation decision itself such that he is not entitled to any type of relief (damages or equitable) as they are barred by *Heck*. This dismissal of the claims based on *Heck* is without prejudice. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (collecting cases that state that dismissal of claims based on *Heck* should be without prejudice).

It is worth noting that Mr. Neri's due process claim also fails for another reason. When a plaintiff sues under § 1983 alleging a state actor's failure to provide procedural due process, there is a two-part analysis: "(1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir.2000) (internal quotations omitted).

> In the context of parole revocation, the Supreme Court set forth the minimum requirements of constitutional due process in *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). These include: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *See id.* The revocation hearing must also "be tendered within a reasonable time after the parolee is taken into custody." *Id.*

*Butler v. Pennsylvania Bd. of Prob. & Parole*, 613 F. App'x 119, 124 (3d Cir. 2015).

Mr. Neri's complaint is with the lack of notice he was provided by the library with respect to their internet usage policy.[3] However, he fails to allege how he was deprived of life, liberty or property based on this library policy (or lack thereof). Rather, the purported deprivation of his liberty occurred as a result of the revocation of Mr. Neri's parole. Nevertheless, Mr. Neri fails to allege that his parole revocation proceedings lacked any of the procedural safeguards outlined above. Thus, his due process claim fails to state a claim for this reason as well.

D.  Application for Pro Bono Counsel

Mr. Neri has also filed an application for the appointment of pro bono counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

---

[3] As an aside, it is worth noting in passing that Mr. Neri does not even appear to allege that the library has no policy in place with respect to internet usage, only that he did not "see" such policy before using the library computer.

Mr. Neri's application for the appointment of counsel will be denied. Mr. Neri has failed to state a claim against any of the defendants. Therefore, denying his motion for the appointment of counsel is appropriate at this time as Mr. Neri fails to meet the threshold requirement that there is some merit in fact or law on his claims.

## V.     CONCLUSION

For the foregoing reasons, Mr. Neri's application for the appointment of counsel will be denied. Mr. Neri's claims against the Pennsauken Library will be dismissed with prejudice for failure to state a claim. Mr. Neri's claims against the remaining defendants (Pennsauken Township, Anthony Dimimeo, Ms. Diaz and Mayor Jack Killian) will be dismissed without prejudice for failure to state a claim. An appropriate order will be entered.

DATED:  January  5, 2017                          s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge